On Rehearing.
Marr, J.
The testimony in the record satisfied us that the title under which defendants hold the real property in question was protected by the prescription of ten years ; and we affirmed the judgment of the district court in their favor, on that ground alone, pretermitting the expression of any opinion as to the right of Mrs. Winn, as executrix and universal legatee under the will of her husband, to dispose of the property belonging to his succession by private sale.
It seems that we were in error as to date of the death of Walter O. Winn, which actually occurred in 1861, instead of 1860. This is not material, because the sale under which defendants claim was made in 1862 ; and they were cited in this casein April, 1876. We do not propose to re-examine the question of prescription ; because no suggestion has been made which induces us to doubt the good faith of the authors of the title of defendants : and for the additional reason that we think their title is not dependent on the lapse of time.
The will on which the rights of Mrs. Winn depend is as follows :
“ I, Walter O. Winn, make this my last will and testament; I appoint my beloved wife, Mary E. Winn, my executrix and universal legatee. I leave to her all the property, real and personal, of which I may die possessed, or own.”
There were no forced heirs, and no particular legatees ; and by the t-n’ins of the Civil Code, in such case “the universal legatee by the death of the testator is seized of right of the effects of the succession, *938 without being bound to demand the delivery thereof.” Article 1609’ (1602).
It is true one can not be held as heir, whether legal, ab intestate? or instituted by will, without having accepted that quality; but it is equally true that this acceptance may be either express or tacit. It is equally obligatory and effectual in the one case as in the other.
“ It is express when the heir assumes the quality of heir in an unqualified manner, in some authentic or private instrument, or in some judicial proceeding.
“ It is tacit when some act is done by the heir which necessarily supposes his intention to accept, and which he would have no right to do but in his quality of heir.” B. O. 0. article 988.
Shortly after the death of her husband, Mrs. Winn disposed of certain slaves of the succession by exchanging them for others. As heir, universal legatee, she had a perfect right to do this; as executrix, she could have done no such thing. In 1862 she sold the real property in question by notarial act to the authors of the title of defendants. As heir, universal legatee, absolute owner under the will, she had a perfect right, full power to do this ; as executrix, she had no such power. During the war Mrs. Winn removed from Bapides parish to the State of Texas, with the slaves and movable effects of the succession, and did not return to Louisiana until after the close of the war. As executrix, she could not have been permitted to take any part of the property beyond the limits of the jurisdiction of the probate court, certainly not beyond the limits of the State ; as heir, owner, she could do what she pleased with her property.
On the return of Mrs. Winn from Texas suits were brought against-her, in one of which, at least, that of Gasquet, she was charged as heir, universal legatee, and as having accepted, purely and simply; and in that quality judgment was rendered against her. This was the acceptance of the quality of heir in a judicial proceeding. In 1867 Mrs. Winn made a donation to her mother of a plantation which belonged to the succession ; and about that time she married, and removed to another State with her husband.
In his reasons for judgment, the judge ad hoc states that the only voluntary appearance of Mrs. Winn, and acknowledgment of her capacity as executrix, was in 1870, when a petition was presented by her, or in her behalf, for the sale of certain lands of the succession in Madison parish.
In 1869 her attorneys filed a tableau of debts, at the instance of a creditor ; and in 1874 proceedings were instituted to destitute her. She was destituted of her office as executrix by decree of this court in 1875, upon the grounds that she had sold the property in question in the *939 year 1862 ; and that she had ceased to be a resident of the State. She was represented in that case by a curator ad hoc; and it does not appear from the report that the court considered or passed upon the fact that, she was universal legatee.
The acts of Mrs. Winn are not equivocal; but when we consider that the succession of her husband was estimated at over $500,000, and the debts amounted to only about $125,000, there can be no doubt as to her intention. All her dealing with this succession shows, beyond doubt, that she had unqualifiedly, in authentic acts, and in judicial proceedings, accepted the quality of heir; and she could not have resisted the demand of any creditor against her personally as heir.
In Duplessis vs. White, 6 A. 514, the executrix, who was also sole heir of the testator, sold real property of the succession at private sale. The court said: “ Nothing prevented her from accepting the succession purely and simply, and at once taking possession as heir. The fact of her selling the property in that capacity amounts to such an acceptance ; and the mention in the act that she was executrix was immaterial, and affected neither her rights nor her obligations as heir, pure and simple.”
The case of Bird vs. Succession of Jones, 5 A. 643, is wholly different. By her will Mrs. Jones directed: 1. That all her just debts be paid, “ and if any thing be left, I desire it to be disposed of as follows: 2. I give and bequeath to Boswell Henderson Jones all the property which by law I have a right to dispose of, and make him my universal legatee. 3. I appoint Boswell Henderson Jones my executor * * * and give him seizin of my estate; and request him to see that the intentions herein expressed be carried out.” -
Jones qualified, and he compromised with the forced heirs. One of his creditors sought to • subject the property of the succession to the payment of the debt. Jones answered that he had taken possession as executor, and held the property with the intention of paying the debts, and well knowing that only the residue after such payment belongs to him. ■
It is clear that he did not intend to accept as universal legatee; that, he intended to administer as executor, and to pay the debts of the succession as he was charged by the will to do ; and that he could not have acquired any right or title as universal legatee except to such residuum as might be left after paying the debts of the succession, the first charge imposed upon him by the will, the injunction with which it closes.
It is therefore ordered that our decree heretofore pronounced in ■ this case on the seventh March, 1878, remain undisturbed; and it is-affirmed.
The Chief Justice recuses himself.